IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN MICHAEL BEBER,<br><br>Plaintiff,<br><br>vs.<br><br>NAVSAV HOLDINGS, LLC,<br><br>Defendant. | 8:23CV323<br><br>ORDER EXTENDING TEMPORARY RESTRAINING ORDER; SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION; AND SETTING REQUIREMENTS FOR SUBMISSIONS REGARDING MOTION FOR PRELIMINARY INJUNCTION |

This lawsuit by plaintiff Austin Michael Beber against defendant Navsav Holdings, LLC, Beber's former employer, was originally filed in the District Court of Douglas County, Nebraska. *See* Filing 1-1 at 176. In his Complaint, Beber asserted a cause of action for declaratory judgment that parts of a Navsav agreement including restrictive covenants are invalid and unenforceable and a cause of action for temporary and permanent injunctions. Filing 1-1 at 184, 198. On July 21, 2023, a judge in the Nebraska state court case entered an Ex Parte Temporary Restraining Order enjoining Navsav from making any further submissions, filings, or appearances in a lawsuit Navsav had filed against Beber in the District Court of Jefferson County, Texas, 58th Judicial District Court, in Case No. 23DCCV0629, until July 31, 2023, at 5:00 p.m. CDT. Filing 1-1 at 14. The state court judge also set a hearing on Beber's Motion for Temporary Injunction for July 31, 2023, at 1:00 p.m. CDT. Filing 1-1 at 15. Before that hearing could occur, Navsav removed this lawsuit to this Court after regular business hours on July 27, 2023. Filing 1. Shortly before the close of business on July 28, 2023, Beber filed a Motion for Temporary Restraining Order to *in Effect* Extend the Existing State Court Temporary Restraining Order; and Motion for Preliminary Injunction; and Request for Hearing Regarding Requested Issuance of a Preliminary Injunction.

1

Filing 4 (emphasis in the original). In that Motion, Beber requests, *inter alia*, that the Court grant an *ex parte* temporary restraining order "to *in effect* extend the existing Nebraska State Court (defined below) temporary restraining order either (a) until this Court rules on whether to issue a preliminary injunction against NavSav, or (b) if this Court remands this action back to Nebraska State Court (Beber's Motion to Remand and supporting affidavit(s) and brief will be filed shortly), until the Nebraska State Court rules on whether to issue a temporary injunction against NavSav." Filing 4 at 1 (emphasis in the original).

The Court has reviewed the state court filings and finds that the Ex Parte Temporary Restraining Order appears to be in compliance with the standards for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b) and applicable federal case law. *See, e.g., Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 664–65 (8th Cir. 2022) (setting out the standards for a preliminary injunction and explaining that "the standard for analyzing a motion for a temporary restraining order is the same as a motion for a preliminary injunction"). The Court notes that Federal Rule of Civil Procedure 65(b)(2) provides that before a temporary restraining order expires the court may "for good cause" extend it for a period of 14 days or for a longer period, if the adverse party consents. Fed. R. Civ. P. 65(b)(2). Under the circumstances presented here, the Court finds "good cause" to extend the Ex Parte Temporary Restraining Order.

Specifically, Navsav's removal of this action from state court to federal court deprived the state court of jurisdiction to hear Beber's Motion for Temporary Injunction—which in federal parlance is a Motion for Preliminary Injunction, *see* Fed. R. Civ. P. 65(a)—before the Ex Parte Temporary Restraining Order expired on Monday, July 31, 2023, at 5:00 p.m. The Court was alerted to the problem that the Ex Parte Temporary Restraining Order was set to expire shortly after the case was assigned to the undersigned on Friday, July 28, 2023, by a phone call from Beber's counsel. Given the timing of Navsav's removal of this matter to this Court—only one

business day before the state court temporary restraining order is set to expire—it is not practicable, and the Court's schedule does not allow, for the Court to prepare for, schedule, and hear the Motion for Preliminary Injunction before the Ex Parte Temporary Restraining Order expires. Navsav was plainly aware of this action and the scheduled hearing in state court because Navsav removed this action to this Court. Under the circumstances, the interests of justice also warrant extension of the Ex Parte Temporary Restraining Order to allow both the Court and the parties to prepare for the hearing on the Motion for Preliminary Injunction and for the parties to have an adequate opportunity to be heard.

The Court further concludes it can see no prejudice to Navsav if the Ex Parte Temporary Restraining Order is extended by this Court. Although the Ex Parte Restraining Order was filed on July 21, 2023, and Navsav obviously has counsel because it removed this matter to this Court, Navsav did not make any state court filings seeking an immediate hearing on the matter. Further, as noted above, the timing of consideration of a preliminary injunction was impacted by Navsav's conduct in removing this case shortly before the state court hearing, which was to take place today. Further, given the subject matter of the state court's Ex Parte Temporary Restraining Order, the Court does not see why Navsav would suffer prejudice if the Ex Parte Temporary Restraining Order is extended.

Consequently, the Court will extend the Ex Parte Temporary Restraining Order for 14 days to August 14, 2023, at 5:00 p.m., as permitted by Federal Rule of Civil Procedure 65(b)(2).

The Court will also schedule a hearing on Beber's Motion for Preliminary Injunction (as the Court has construed his Motion For Temporary Injunction filed in state court) for August 7, 2023, at 9:30 a.m., CDT. The Court has limited time available for a hearing that day because the Court has hearings in criminal matters beginning at 1:30 p.m., and the Court begins a trial in a civil

matter on August 8, 2023, that is scheduled to run at least the rest of the week. Consequently, the hearing on Beber's Motion for Preliminary Injunction will be scheduled for a maximum of two hours. Each party will have 20 minutes to present arguments. The hearing will be consolidated with the hearing on a similar motion in related Case No. 8:23cv325, in which each party will also have 20 minutes to present arguments. Thus, the plaintiffs will have a total of 40 minutes for argument and Navsav will have a total of 40 minutes for argument. If the parties so choose, they may consolidate their arguments in the two cases for a single argument of 40 minutes. The Court will use the rest of the time scheduled for the hearing, if necessary, for questioning and additional argument as the Court deems appropriate. The Court sees no reason why this matter cannot be submitted on documentary evidence and affidavits; therefore, the hearing will be on arguments and written submissions only. Any party who believes that live testimony is required to present its case on the Motion must file a motion requesting live witnesses demonstrating good cause and indicating the estimated time required to hear the testimony.

  The Court will also set an expedited briefing schedule for the disposition of the Motion for Preliminary Injunction. The parties are further required to file all exhibits by the deadlines outlined in this order. The exhibit list shall list preliminary injunction exhibits with reference to the title of the exhibit and with reference to the ECF filing number and the ECF page numbers of the entire exhibit. Preliminary injunction exhibits already in the ECF record should not be filed again. Paper exhibits will not be offered at the hearing.

  Finally, the Court has reviewed the state court filings upon removal to this Court and concludes that the $1,000 cash in lieu of bond required by the state court and posted by Beber is a sufficient security in this case in accordance with the requirements of Federal Rule of Civil Procedure 65(c). The Court concludes that the security already posted in state court complies with

the requirement to post a security to keep the Ex Parte Temporary Restraining Order in effect in accordance with Federal Rule of Civil Procedure 65(c). However, the Court requires Beber to post a $1,000.00 bond or $1,000.00 cash in lieu of bond in this Court no later than Wednesday, August 2, 2023, to keep the extended Ex Parte Temporary Restraining Order in full force and effect. At such time as Beber posts such security in this Court, the state court security can be released upon appropriate order of the state court.

Accordingly, Bieber's Motion for Temporary Restraining Order to *in Effect* Extend the Existing State Court Temporary Restraining Order is granted to the extent stated below.

IT IS ORDERED as follows:

1. The Ex Parte Temporary Restraining Order entered by the District Court of Douglas County, Nebraska, in this case on July 21, 2023, and set to expire at 5:00 p.m. CDT on July 31, 2023, is hereby extended to 5:00 p.m. CDT on August 14, 2023, pursuant to Federal Rule of Civil Procedure 65(b)(2). Beber shall post a bond of $1,000 or $1,000 cash in lieu of bond in this Court no later than Wednesday, August 2, 2023, pursuant to Federal Rule of Civil Procedure 65(c) to keep the extended Ex Parte Temporary Restraining Order in full force and effect.

2. A hearing on Beber's Motion for Temporary Injunction, now construed by the Court as a Motion for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(a), is scheduled for 9:30 a.m. CDT on Monday, August 7, 2023. The hearing shall be for a maximum of two (2) hours, and each party shall be allocated twenty (20) minutes to present its argument on the Motion. This hearing will be consolidated with the hearing on a similar motion in related Case No. 8:23cv325.

3. The hearing shall be on arguments and written submissions only. Any party who believes that live testimony is required to present its case on the Motion must file a motion

requesting live witnesses demonstrating good cause for presentation of live testimony and indicating the estimated time required to hear the live testimony not later than 5:00 p.m. CDT on Tuesday, August 1, 2023.

4. Navsav shall file an Opposition Brief, supporting evidence, and an exhibit list not later than 12:00 p.m. CDT on Wednesday, August 2, 2023. Beber shall file any additional evidence on which he intends to rely to support his motion and an exhibit list of all evidence to be considered and may file any reply brief not later than 5:00 p.m. CDT on Thursday, August 2, 2023. Briefs shall comply with NECivR 7.1.

DATED this 31st day of July, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

6